RAND et al. v. COLUMBIA NAT. BANK OF TACOMA, WASH., et al.

RAND v. TILLINGHAST.

(Circuit Court of Appeals, Eighth Circuit. April 17, 1899.)

Nos. 1,151, 1,152.

NATIONAL BANKS—STOCKHOLDERS—ESTOPPEL TO DENY LIABILITY FOR ASSESSMENT.

Subscribers to the capital stock of a national bank previously organized and carrying on business, who accepted certificates of stock representing a portion of the original capital stock, obtained by the bank in some manner from the former holders, are estopped, after the lapse of five years, during which they retained the stock, received two dividends, and paid one assessment thereon, to deny that they are stockholders, in a suit by the receiver to collect a further assessment, on the bank's insolvency, on the ground that they supposed they were purchasing a part of an issue of increased stock which the bank had voted to issue, but the issuance of which had not then been authorized by the comptroller.

Appeal from the Circuit Court of the United States for the District of Minnesota.

In Error to the Circuit Court of the United States for the District of Minnesota.

A. B. Jackson, for appellants and plaintiff in error.

Phillip Tillinghast, for appellees and defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

THAYER, Circuit Judge. These are two suits, one in equity and one at law, which grew out of the same transaction, and were tried together, and may therefore be disposed of by a single opinion, as they were by the trial court. 87 Fed. 520. In case No. 1,151, Alonzo

T. Rand, Rufus R. Rand, and Kate Ogle, the appellants, sought to obtain a decree adjudging that they were not stockholders of the Columbia National Bank of Tacoma, Wash., hereafter termed the "Bank," and an injunction restraining the prosecution of certain suits at law which had been brought against them by Phillip Tillinghast, the receiver of said bank, to recover a certain assessment which had been levied against them as stockholders therein, the bank having become insolvent. Case No. 1,152, on the other hand, is an action at law, which was brought by Tillinghast against Rufus R. Rand to recover an assessment which was levied against him, and is one of the actions at law the prosecution of which the appellants, in case No. 1,151, sought to restrain. The law case was tried without the intervention of a jury, in connection with the equity case, and the court made a special finding of the facts, which must be accepted as conclusive. From this finding it appears, in substance, that on July 13, 1892, the Columbia National Bank was a duly-organized national bank, having a capital stock of $200,000, which had been subscribed, and the amount thereof duly paid in; that on the preceding 12th day of January, 1892, the stockholders of said bank had passed a resolution to increase the capital stock of the bank from $200,000 to $500,000, and had provided in the resolution that, as new capital was paid in to the amount of $50,000 or more, the president or cashier be authorized to certify the fact to the comptroller of the currency, and to continue to so certify until $300,000 had been paid; that on July 18, 1892, Alonzo T. Rand, the plaintiff in error, was in Tacoma, and while there was solicited to become a subscriber to the stock of the bank, and was at the same time informed by an officer of the bank, either its president, vice president, or cashier, that they were increasing the stock of the bank, and would like to have him become a subscriber, and that he subsequently signed three subscription papers, two of the same being for 50 shares each, and one for 100 shares, which subscriptions did not express on their face whether the stock to be delivered to the subscriber in pursuance thereof should be old stock, forming a part of the original capital of the bank, or whether it should be new stock, forming a part of the increase, which had not at that time been authorized by the comptroller, no certificate having been made that any portion of the increased capital had been paid in. The trial court further found that four stock certificates were issued by the bank on July 18, 1892, one being in favor of A. T. Rand, and the others in favor of Rufus R. Rand, Kate Ogle, and H. W. Brown, respectively, each of which certificates was in the following form, except as to the number of the certificate and the name of the shareholder:

"No. 147.                                                    Fifty Shares.
  "State of Washington.   Columbia National Bank of Tacoma, Washington.
                    "Capital Stock, $200,000.

  "This certifies that A. T. Rand is the owner of fifty shares, of one hundred dollars each, in the capital stock of the Columbia National Bank of Tacoma, Washington, transferable only on the books of the bank, in person or by attorney, upon the surrender of this certificate.
  "Tacoma, July 19, 1882.                    N. B. Dolson, Cashier.
                                             "W. G. Peters, Vice President."

That, at the time these certificates were issued, the bank was in the habit of issuing other certificates of stock, representing new capital, which expressed on their face that they were for a part of the "increased capital," and did not show the amount of the capital of the bank; that the several persons to whom the certificates aforesaid were issued, to wit, A. T. Rand, R. R. Rand, and Kate Ogle, each accepted and paid for the stock so issued to them at the rate of $101 per share, and subsequently received two dividends thereon of 4 per cent. each, and also paid an assessment thereon, which was levied by the bank as late as August 10, 1895. The trial court also found that neither of the persons to whom the aforesaid certificates were issued were at all solicitous whether they received old stock or a part of the increased stock, and that this was not a material fact inducing the aforesaid subscriptions. In view of the aforesaid findings, the trial court further inferred that the stock which was issued to the several appellants on July 19, 1892, was a part of the old stock which had been acquired by the bank from some of its original shareholders, or in some other lawful manner, and that it was not a part of the proposed new issue. This seems to have been a reasonable deduction, in view of the fact that on July 19, 1892, no authority had been obtained to issue any of the new stock; also in view of the fact that the form of the certificates which were issued to the appellants indicate that it was a part of the original capital, and that the bank was in the habit of issuing certificates in a different form, representing the increased or new capital. But whether the inference thus drawn was reasonable or otherwise is now immaterial, since it was essentially an inference of fact, and the conclusion reached by the trial judge is not open to contradiction, there being abundant evidence to support it.

This leaves for consideration by this court but a single question, namely, whether the receipt by the appellants of the stock in question without objection on their part, and the acceptance of two dividends thereon, and the payment of the assessment which was levied on them as shareholders on August 10, 1895, estops them from denying that they are stockholders in a suit brought by the receiver to recover an additional assessment. The trial court decided this question in the affirmative, and we are of opinion that such decision was clearly right. The fact, if it be a fact, that the appellants supposed that they were receiving a part of the increased stock, instead of certificates representing a part of the original capital, will not authorize them to deny their liability as stockholders after the lapse of five years; they having in the meantime exercised all the rights of shareholders, and accepted all the benefits flowing from that relation. This is especially true so far as the receiver is concerned, who is vested with all the rights of creditors of the insolvent bank. Scott v. Latimer, 60 U. S. App. 720, 33 C. C. A. 1, and 89 Fed. 843, 855, and cases there cited; Bank v. Newbegin, 40 U. S. App. 1–10, 20 C. C. A. 339, and 74 Fed. 135.

Having reached the conclusion last announced, it is wholly unnecessary to consider what might be the rights of the appellants if they in fact held a portion of the increased or new stock. That is a

question which has been twice considered by the circuit court of appeals for the Ninth circuit in parallel cases, and the conclusion reached on both occasions was at variance with the position taken by counsel for the appellants. Bank v. Mathews, 29 C. C. A. 491, 85 Fed. 934, and Brown v. Tillinghast, 93 Fed. 326. The decree in the equity case and the judgment in the law case are each affirmed.