Argued January 21, affirmed March 22, 1927.

## FRANK C. BRAMWELL, SUPERINTENDENT OF BANKS, *v.* F. E. GOTSHALL ET AL.

(254 Pac. 802.)

**Banks and Banking—That Stock Became Worthless Through No Fault of Seller Held No Defense to Suit on Note for Price.**

1. Where defendant bought bank stock, believed by everyone connected with transaction to be valuable, the fact that it became worthless through no fault of seller *held* no defense to suit on note given for price.

**Banks and Banking—Purchaser of Bank Stock Who Failed to Get Certificates, not Being Injured Thereby, Held Liable on Note for Price.**

2. Fact that purchaser of bank stock had never received stock certificates *held* no defense to suit on note given in payment where no injury resulted from failure to get certificates.

---

Banks and Banking, 7 C. J., p. 742, n. 69 New.
Corporations, 14 C. J., p. 481, n. 87, p. 1007, n. 91, 92.

From Multnomah: WALTER H. EVANS, Judge.

Department 1.

AFFIRMED.

For appellants there was a brief over the names of *Mr. Wm. LaForce* and *Mr. Guy L. Wallace,* with an oral argument by *Mr. LaForce.*

For respondent there was no appearance.

McBRIDE, J.—This is a suit by the plaintiff, as superintendent of banks, against the defendants to recover upon a promissory note dated January 5, 1922, and for a decree foreclosing a lien upon the pledge given as collateral to secure said note, said pledge consisting of a promissory note for $800, secured by a mortgage upon certain land in Clackamas County. There is no attempt to foreclose the mortgage, but simply to foreclose the lien of the plaintiff's predecessor upon the promissory note. Defendants answered and substantially allege fraud and failure of consideration as to part of the note but admit an indebtedness of $200 which they tendered into court. The defense raised by the defendant is in one respect the same as the defense in the case of *State Bank of Portland* v. *Gotshall, ante,* p. 92 (254 Pac. 800). Owing to the fact that the cases were tried together, and a stipulation entered by counsel that the evidence taken should apply in both cases, it is difficult to follow clearly the line of contention in the case now being considered; but, as we take it, the defendants think they should be released from the payment of $275 of the present note on the ground that it was given for the purchase of stock which was valueless, or for interchanging of the People's Bank stock in the State Bank which was never delivered to the defendant Gotshall and which was worthless. The transaction between the parties has been fully considered in the other case decided herewith to which reference is hereby made. De-

fendants claim in a sort of a general way that the stock in both banks was practically worthless; that the officers of the bank and superintendent of banks intentionally and fraudulently misrepresented their value and induced the purchase of it, and for this reason the defendants should not be required to pay this note.

1. It is claimed that about a year after the purchase by Gotshall of the People's Bank stock it was worthless and there is an implication that it was practically worthless when purchased. There is not a particle of evidence which we can find that the value of stock was ever intentionally misrepresented by any of the officers of either bank or by the superintendent of banks. The evidence shows that the defendant Gotshall held the People's Bank stock from February until September when the People's Bank was consolidated with the State Bank, and that the State Bank continued to operate from September until the following February, at which time it was found to be insolvent. The two banks consolidated and the exchange of stock was assented to by Miss Gotshall whose proxy attended all the meetings and was conversant with everything that was done in the premises, and there is no question but that she surrendered the People's Bank stock for the purpose of obtaining State Bank stock in addition paying by note for the price of one share of State Bank stock in order to have the same number of shares in the State Bank as she theretofore held in the People's Bank. The ratio agreed upon at the various meetings of the stockholders of the two banks was fixed at a valuation of $120 per share for People's Bank stock to $150 per share for State Bank stock.

The question of the disposal of the note for $150 given at the time of the exchange of stock does not in any way pertain to this case. The valuation fixed for the purpose of interchange of stock between the two banks seems to have been agreed upon by all of the stockholders, or by at least all who attended the meetings, either by proxy or otherwise, and may have been more or less arbitrary. There is nothing here to show that there was anything but a *bona fide* attempt to build up and strengthen the State Bank by a consolidation, and nothing to indicate that the officers or stockholders of either bank intended wilfully to misrepresent the value of the stock; nor are we informed by any testimony as to whether the final insolvency of the State Bank a few months after the consolidation was due to causes which existed at the time of the consolidation or arose from matters occurring later, or whether the consolidation of the State Bank, which had been paying dividends, with the Peoples Bank, which had never paid a dividend, was not of itself a cause of the final insolvency of the State Bank.

2. In the other case of *State Bank of Portland* v. *Gotshall, ante,* p. 92 (254 Pac. 800), we have discussed the fact that no stock in the State Bank was ever physically delivered to Gotshall, if such were the case. There is no evidence that she ever requested its delivery or that she could not have had it at any time she called for it, and the fact that after turning in her People's Bank stock and giving a note for the difference between the book value of that stock and the shares of the State Bank stock, she never requested the final delivery of the stock, throws some doubt upon her assertion that she never in fact re-

ceived it. At all events, it is clear that she was not injured by her failure to get physical possession.

Taking the case as a whole, there is no defense to the note in question. The defendant bought what she thought, and no doubt everybody connected with the transaction thought, was valuable stock, and the fact that through circumstances not disclosed here it became worthless is not shown to be the fault of any of the movers in the original transaction.

The decree of the court below is affirmed.

AFFIRMED.

BURNETT, C. J., and RAND and COSHOW, JJ., concur.