SMITH, State Superintendent of Banks, v. JONES.

(222 N. W. 685.)

(File No. 6759. Opinion filed December 31, 1928.)

*W. J. Hooper*, of Gregory, for Appellant.
*Charles A. Davis*, of Burke, for Respondent.

BURCH, P. J.   This action is brought by the superintendent of banks in liquidation of the insolvent American State Bank to recover of the defendant a stockholder's liability under section 8993, R. C. 1919.

Defendant answered admitting ownership of the stock, and as an affirmative defense pleaded that defendant was engaged in the furniture and undertaking business; that on or about the month of May, 1924, the American State Bank of Burke suspended and the assets of the bank were taken over by the superintendent of banks; that after the bank suspended and while in the hands of the banking department under an examiner in charge, the examiner in charge and officers of the bank solicited defendant to purchase 10 shares of stock of the par value of $100; that as an inducement to defendant to subscribe for said stock such officers represented that they would sell 400 shares and reorganize the bank with a paid-up capital stock of $40,000, which would be sufficient to more than pay the loss of the bank and remove all worthless paper therefrom; that defendant, relying upon such representations and believing them to be true, subscribed for such stock, and the stock was issued him on the 9th day of September, 1924; that such representations were false and untrue in that the capital stock was not fully paid up, the bank was not in first class condition, and the worthless paper was not taken out; that the bank was at that time insolvent and at all times remained insolvent until the 20th day of July, 1927, when it again suspended and was taken over by the superintendent of banks; that at the time the bank first suspended it owed divers persons a large amount of money for deposits, and the bank was able to pay said deposits; that almost all the creditors of the bank at the time it suspended the second time were the depositors and creditors of the bank before the reorganization thereof; that defendant paid no attention to the management of the bank, did not know the condition thereof, and did not know the bank was insolvent until the 20th day of July, 1927, when he immediately

offered to return his certificate of stock and demanded a return of his payment therefor.

The trial court sustained a demurrer to the answer on the ground that it does not state facts sufficient to constitute a defense, and defendant appeals from the order sustaining the demurrer.

■■ There is but one assignment of error, namely, that the court erred in so sustaining the demurrer. It is generally recognized that a stockholder may not escape liability by a rescission after the bank becomes insolvent. In the case of Farmers' State Bank of Mobridge v. Empey, 35 S. D. 107, 150 N. W. 936, the rule is well stated. See, also, opinion in Smith v. Bradshaw (S. D.) 222 N. W. 683, this day filed. There is nothing in the case at bar which entitled appellant to rescind. The stock was held for nearly three years after its purchase, no diligence in ascertaining the condition of the bank at any time after its purchase is alleged, but, on the contrary, it is alleged that appellant paid no attention to the management of the bank. It is not alleged that there were no creditors becoming such after the purchase of the stock, but that almost all the creditors were creditors before the purchase. Nothing is said as to when the debts owing to such creditors were contracted. It is inconceivable that a bank could run for three years without contracting many obligations not owing at the time of its organization. We think that the case of Farmers' State Bank v. Empey, supra, is controlling, and that a further discussion of this case would serve no useful purpose. The order appealed from is affirmed.

POLLEY, SHERWOOD, CAMPBELL, and BROWN, JJ., concur.