SMITH, State Superintendent of Banks, et al, Respondent, v. BRADSHAW, Appellant.

(222 N. W. 683.)

(File No. 6639. Opinion filed December 31, 1928.)

*J. E. Tipton,* of Lake Andes, and *Herschel V. Melcher,* of Chamberlain, for Appellant.

*R. E. Willy,* of Sioux Falls, and *Heck & Thorson,* of Kimball, for Respondent.

BROWN, J. Action to collect superadded liability from a stockholder in an insolvent bank. The amended answer and counterclaim occupy about 16 printed pages, but, in substance, may be stated briefly as follows: That on November 21, 1924, and for several years prior thereto, Lumbard State Bank had a capital stock of $25,000, most of which was owned and all of which was controlled by the Lumbard family; that on that date the bank was insolvent and was taken in charge by the superintendent of banks; that instead of proceeding with the liquidation of the bank, the superintendent and officers of the bank connived together to reorganize the bank, increasing its capital stock to $50,000, and inducing defendant and others to purchase part of the stock in the bank as reorganized; that in order to induce defendant and others to take such stock the superintendent of banks and the officers of the Lumbard Bank fraudulently represented the value of the assets of the bank to be greatly in excess of their actual value, and placed upon the books of the bank as paper worth its face value a large amount of fictitious, sham, and worthless securities, and represented to defendant and others in order to induce them to take stock in the bank that all of such assets were of the fair market value represented on the books of the bank; that defendant had no banking experience, and relied upon the representations of the bank examiner and officers of the bank, and believed such representations to be true, and in reliance thereon took stock in the bank as reorganized to the amount of $8,500, and paid into the assets of the bank that sum in cash, which, but for such representations and his reliance thereon, he would not have done; that the reorganized bank was opened for business on March 26, 1925, with E. B. Lumbard, the former president of the bank, in the active management thereof; and that the reorganized bank continued to do business under such management and under the supervision of the superintendent of banks until the 25th day of June, 1926, at which time it

again suspended and was taken over by the superintendent of banks for purposes of liquidation; that defendant and others similarly situated had no knowledge of the deceit practiced upon them until long after the second closing of the bank, and were not permitted to examine the books after such closing, so as to be able promptly to discover the facts as to the value of the bank's assets.

In an amended counterclaim defendant in substance reiterated the allegations as to fraud and deceit, set forth the names and number of shares held by each of the 106 shareholders in the reorganized bank, stated that the counterclaim was made on his own behalf and that of all other stockholders who might desire to join in an action for an accounting and refund of the money paid for their stock, alleged that, notwithstanding the $25,000 of new capital that had been paid in, the bank had been insolvent at all times from November 21, 1924, until its final closing on June 25, 1926; that it was necessary that an accounting be had as between plaintiff and other stockholders under the reorganization, and the creditors of the bank, in order to have an equitable and complete apportionment of the funds of the insolvent bank; that the superintendent of banks, by reason of his fraudulent participation in the reorganization, is disqualified to administer the receivership of the bank, and therefore defendant demands that a special receiver be appointed; that he recover from the funds of the bank, if sufficient funds there be, the sum of $8,500, which he had paid for his stock, and that he have such other and further relief as may be just. From an order sustaining a demurrer to the counterclaim on the ground that it did not state facts sufficient to constitute a counterclaim in the action, and from a judgment on the pleadings in favor of plaintiff for the sum demanded, upon the ground that the answer stated no defense, defendant appeals.

██ ██ It will be observed that the reorganized bank continued to do business as a going concern for a period of 15 months after the reorganization. Appellant says the court could not presume that there was anything before it indicating that there were any debts contracted after the alleged issuance of the stock to defendant. If the court should presume anything, it would certainly be more reasonable to presume that a bank doing business for a period of 15 months procured new deposits within that time, rather than that it did not. But at any rate it devolves upon de-

fendant to allege and prove that there were no creditors who became such while he was a stockholder. Farmers' State Bank v. Empey, 35 S. D. 107, 150 N. W. 936; Security State Bank v. Gannon, 39 S. D. 232, 163 N. W. 1040. Fraud in inducing the purchase of bank stock cannot be urged as a defense in an action for double liability under the statute against stockholders by the superintendent of banks upon the insolvency of the bank, since the purpose of the statute is to protect depositors and creditors. State Bank of Portland v. Gotshall, 121 Or. 92, 254 P. 800, 51 A. L. R. 1200. Appellant stresses the fact that not only the officers of the bank, but the superintendent of banks, representing the state, connived and acted together in inducing him by fraud and deceit to make the purchase. In Scott v. Deweese, 181 U. S. 202, 21 S. Ct. 585, 45 L. Ed. 822, it is said that if one becomes a shareholder in a bank " * * * in consequence of frauds practiced upon him by others, whether they be officers of the bank or officers of the government, he must look to them for such redress as the law authorizes, and is estopped, as against creditors, to deny that he is a shareholder, * * * if at the time the rights of creditors accrued he occupied and was accorded the rights appertaining to that position."

It will be seen that the stockholder who has been induced by deceit to become such, whether such deceit has been practiced upon him by officers of the bank *or by officers of the government,* cannot avoid the superadded liability, but must look for redress to the parties who deceived him.

Appellant cites Commissioner of Banks v. Cosmopolitan Trust Co., 253 Mass. 205, 148 N. E. 609, 41 A. L. R. 658, and directs particular attention to the annotation of that case in 41 A. L. R. The case itself holds that one subscribing to the stock of a bank or trust company cannot avoid the statutory liability when the company becomes insolvent because he was induced by fraud to make the subscription. In the opinion the court says:

"The deceit thus practiced appears on this record in numerous instances to have been peculiarly faithless and reprehensible. Nevertheless, we think it plain on principle and on authority that such a defense cannot prevail under the circumstances here disclosed. * * * The subscriptions for stock doubtless might have been avoided by the defendants if the trust company had continued as

a going concern. But the rights of creditors have intervened by reason of the insolvency of the trust company. The Commissioner of Banks as their representative has a right to enforce the statutory liability of stockholders. The intervention of that factor prevents the stockholders from exercising their right of rescission and avoidance of their contracts of subscription for stock. They are remanded to whatever rights they may have against those who deceive them."

In the annotation to which appellant calls especial attention, and particularly that part of it which sets forth the majority rule in American cases, it is apparent that that rule, as well as the minority rule which follows the English decisions on the subject, is to the effect that the stockholder cannot avoid liability if at the time the rights of creditors accrued he was occupying the position of a shareholder, and, as said in Farmers' State Bank v. Empey, supra, the burden of proof is upon the shareholder to show, if such be the fact, that there were no creditors who became such while he was a registered shareholder.

Appellant makes the further contention that when the bank was taken into the control of the superintendent of banks on November 21, 1924, it was his duty, under the provisions of Code, § 8928, to proceed to liquidate and wind up the affairs of the bank, and that he had no right or authority to permit or aid in its reorganization. But Code, § 8928, does not imperatively require that the superintendent of banks shall wind up the affairs of the bank. It says that he is authorized so to do and directs how it shall be done, but section 8925 provides that when the superintendent takes possession of the property and business of a bank when for any reason he is of the opinion that it is unsafe and inexpedient for it to continue business, he shall retain such possession until such bank shall resume business or its affairs be finally liquidated. It is clear from this section that the resumption of business by the bank is contemplated as a possibility under the law, as well as the liquidation of its affairs, and that the superintendent of banks has equal authority to permit its resumption of business if, in his judgment, that is a safe and prudent course to pursue, as to finally liquidate its affairs, should he deem that the wiser course.

Appellant says that creditors of the bank who became such prior to the purchase of stock by him would have no claim

against him by reason of his being an apparent stockholder, and that if the debts due those who have become creditors since should be only a nominal sum, it would be absurd to require defendant and other stockholders to pay the full amount of their double liability, and that this question can only be determined by a court of equity. This same question was raised in the case of Hirning v. Oppold, 48 S. D. 70, 201 N. W. 721, and was determined adversely to appellant's contention. What may be appellant's rights as to contribution from other stockholders is not before us on this appeal. Union National Bank of Omaha v. Halley, 19 S. D. 474, 104 N. W. 213.

We think the trial court correctly held that the answer and counterclaim of defendant stated no defense, and the judgment and order appealed from are affirmed. See, also, opinion in Smith v. Jones (S. D.), 222 N. W. 685, this day filed.

BURCH, P. J., and POLLEY, SHERWOOD, and CAMPBELL, JJ., concur.