KEHL, et al, Respondents, v. SMITH, Appellant.

(230 N. W. 218.)

(File No. 6819.  Opinion filed April 11, 1930.)

*Williamson, Smith and Williamson,* of Aberdeen, and *T. B. Thorson,* Special Counsel Banking Department, of Pierre, for Appellant.

*Dana Babcock,* of Sisseton, for Respondents.

BROWN, P. J.   Appeal from an order overruling a general demurrer to the complaint in an action to rescind a sale of bank stock to plaintiffs and to enjoin defendant Smith, as superintendent of banks, from taking any steps to enforce stockholders' double liability against plaintiffs.   The complaint is long, but sets out, in substance, simply, that during the month of July, 1925, the defendant, Farmers' & Merchants' State Bank of Hecla, was insolvent, and that, knowing such insolvency, the superintendent of banks and the stockholders of the bank at that time entered into a conspiracy to reorganize the bank and unload the bank stock on the

plaintiffs; that they represented to plaintiffs that under the reorganization the bank was the soundest bank in the state, and that, if plaintiffs purchased the stock, they would never be liable for any assessment thereon; that plaintiffs had no knowledge to the contrary, and relied wholly upon the representations made to them by the superintendent of banks and other stockholders, and that, so relying, they were induced to and did take stock in the bank; that the bank continued to do business until March 8, 1926, when it was taken over by the superintendent of banks for liquidation, but that it was insolvent at all times from before the reorganization until it suspended; that the sale of the stock of a state bank while its capital is impaired and an assessment against it is unpaid is prohibited by the laws of the state, and that prior to July, 1925, and at the time of the sale of stock to plaintiffs, a stock assessment of 100 per cent had been made which was unpaid, and the capital of the bank was impaired; that no loss to the bank had occurred since the sale of stock to plaintiffs, and that all losses to depositors are losses arising by reason of the liability of the bank for worthless assets held by it prior to the sale of stock to plaintiffs, and that plaintiffs had acted promptly in endeavoring to rescind after discovering the fraud which they alleged had been perpetrated on them.

There is nothing in this complaint that was not alleged in the answers of defendants in the cases of Smith v. Bradshaw (S. D. 222 N. W. 683, and Smith v. Jones (S. D.) 222 N. W. 685, except the general allegation that no losses occurred to the bank after the sale of stock to plaintiffs, and that all losses to depositors were losses arising by reason of the liabilities of the bank and worthless assets held by it prior to the sale of stock to the plaintiffs. The allegation that all losses to depositors arose by reason of liabilities of the bank and worthless assets held by it prior to the sale of stock to plaintiff is plainly a mere legal conclusion. No facts are stated. It is not claimed that no deposits were made in the bank during the time that plaintiffs were stockholders, and, besides, there can be creditors of a bank other than depositors. There is a total failure to allege any facts from which it can be known or even inferred that no new deposits were made or no liability incurred during the time, approximately eight months, in which the bank continued to do business after plaintiffs became stockholders.

We think the decision in this case must be governed by Smith v. Bradshaw and Smith v. Jones, supra. The order appealed from is reversed.

POLLEY, SHERWOOD, CAMPBELL, and BURCH, JJ., concur.