## No. 12,222.

### LENGEL *v.* COMMERCIAL BANK OF LAS ANIMAS.

(288 Pac. 174)

Decided April 28, 1930.   Rehearing denied May 19, 1930.

Mr. W. Penn Collins, Mr. Guy D. Duncan, for plaintiff in error.

Mr. C. E. Sydner, Messrs. Hillyer & Hillyer, for defendant in error.

*In Department.*

Mr. Justice Campbell delivered the opinion of the court.

In February, 1926, the State Bank Commissioner of Colorado notified the plaintiff herein, the Commercial Bank of Las Animas, Colorado, that its capital stock was impaired, and thereupon, by virtue of the authority, as he asserts, conferred upon him as such commissioner by section 2680, C. L. 1921, ordered the plaintiff bank to make an assessment upon its capital stock of $100 per share to restore the same. Acting upon such order, and in pursuance of the power conferred upon it by section 2681, C. L. 1921, the plaintiff bank made and ordered a pro rata assessment upon all of the stock of the bank to make good such impairment and deficiency and for the purpose of restoring the bank's credit, the assessments to be paid within thirty days after such notice. The defendant Lengel, a stockholder in the bank, who owned 65¾ shares of its capital stock, although he was duly notified by the plaintiff bank, refused to pay the same, whereupon the present action was brought by the bank against him to recover, and upon the trial in the district court it recovered, a judgment against the defendant of $7,296.76, the same being the amount for which the defendant was lia-

ble, if at all, under the statute upon such assessment. The defendant is here with his writ of error for review of this judgment.

The complaint, setting forth in substance the facts above detailed, the defendant Lengel attacked by motion and by demurrer, general and special, which the court overruled. Defendant then filed his answer and cross-complaint, which pleading was, on the plaintiff's motion, stricken, whereupon the defendant filed an amended answer and counterclaim and the trial court sustained the plaintiff's general demurrer to this latter pleading. The defendant elected to stand upon his amended answer and counterclaim, and the court rendered judgment for the plaintiff in the sum sued for.

Because of the manifest insufficiency of the amended answer and counterclaim, the court's order sustaining the plaintiff's motion thereto might be upheld, upon technical grounds, without any consideration whatever as to the merits of defendant's last pleading. We shall, however, not base our judgment upon technical grounds, but must sustain this judgment for the following, among other, substantial reasons. A careful reading of the same shows that every material fact which is alleged in the complaint, and upon which the decision rests, is, in legal effect, admitted by the defendant's amended answer. Section 2680, C. L. 1921, provides that when ever the capital of any bank shall be impaired, it shall be fully restored within thirty days from such time as the state bank commissioner shall notify said bank of such impairment. Section 2681 provides that when the capital of any incorporated bank is impaired, the board of directors thereof shall make a pro rata assessment upon the stock of said bank to make good such deficiency. And if any stockholder fails or neglects to pay the amount of such assessment against his stock on or before thirty days after notice thereof, an action may be commenced by said bank to recover the same.

Defendant's amended answer does not controvert the

allegations of the complaint that the bank commissioner notified the plaintiff bank that its capital was impaired, and that the commissioner ordered the bank to make an assessment of $100 per share to restore the same. The answer also admits that in accordance with this order of the bank commissioner the board of directors of the plaintiff bank, at a meeting duly held for that purpose at the place of the business of the bank, by resolution duly passed, levied an assessment of $100 per share on each and every share of the capital stock of the bank, which was to be paid in thirty days from notice of the assessment. The complaint also alleges, and the amended answer admits, that there was an impairment of the capital stock of the bank at the time the bank commissioner's order was made, and at the time the board of directors of the plaintiff bank passed the resolution levying the assessment to make good this impairment. The amended answer also admits that the defendant Lengel is the owner of 65¾ shares of the capital stock of the bank and that he was duly notified of this assessment and has refused at all times, and still refuses, to pay the same or any part thereof. From the amended answer itself it further appears that in July, 1922, almost four years before the assessment complained of in this action, Lengel, the defendant, became a stockholder in the plaintiff bank, or its predecessor in interest, purchasing stock from L. M. Sutton, T. J. Harron and L. B. Herron, who were stockholders, and some of them officers, of the bank, but who are not made parties to this action. Subsequently and in March, 1925, nearly three years after his purchase of the Herrons and Sutton stock, defendant Lengel bought 6¼ additional shares of the bank stock and at a time when he knew the bank was in financial difficulties. During the same month of March, 1925, defendant paid an assessment of 100 per cent on the 65¾ shares of stock in plaintiff's bank which he then owned.

Under the law of this state, section 2680, supra, where the capital of a state bank is impaired it must be

fully restored within thirty days after the bank commissioner shall notify the bank of such impairment. This provision necessarily implies that the bank commissioner has power to give such a notice whenever there is an impairment of capital. The bank commissioner in this case gave the notice that the capital of the bank was impaired. Under the provisions of section 2681 the board of directors of the bank itself has authority to make a pro rata assessment upon all the stock of the bank to make good any deficiency caused by the impairment of its capital. So that, according to the allegations of this complaint, the capital of the plaintiff bank was impaired, the bank commissioner so determined and notified the bank, and the bank, either acting upon its own initiative or in obedience to the orders of the bank commissioner, levied the assessment herein complained of. These allegations of the complaint are not controverted.

The defendant by his amended answer seeks, however, to escape liability for this assessment upon the ground, principally, that when he acquired ownership of his original purchase of stock from Sutton and others, who were either officers or stockholders of the institution, he made the purchase upon fraudulent representations made to him by the sellers as to its value and as to the financial condition of the bank. An additional ground upon which the defendant also relies is that through the neglect of the state bank commissioner to charge off certain items of assets, which were liabilities of the bank rather than assets, and other malfeasance or misfeasance on the part of the bank commissioner, he was persuaded to make his investment in the capital stock of the bank.

The capital stock which defendant purchased from stockholders was their private property. Our attention has not been called to any principle of law by which the sellers of this stock could be said to be acting for the bank in the matter of this sale. Indeed, their interests as owners and sellers of the stock would make it legally impossible that they could have acted for the bank or bound

it by any alleged misrepresentations they made to the defendant to induce the sale of the stock which they, and not the bank, owned. The assessment which the bank commissioner ordered, and which the directors of the bank levied, was made for the purpose of protecting the bank's depositors and in the interest of the public in general who might be induced to transact business with the bank. The mere fact, if it be a fact, that some of the reports which the bank directors made as to the condition of the bank appeared a number of years later to be incorrect, and that certain notes listed as assets were uncollectible or had become worthless, does not create an estoppel which bars the bank from collecting assessments ordered by the bank commissioner, and which were levied by its board of directors, if the same was found to be necessary, as it was, to protect depositors and creditors, and the public at large, who might be induced to transact business with the banking institution. But if it could, by any stretch of imagination, be held that the bank is estopped by reason of the things as set forth by the defendant in his amended answer and counterclaim, the defendant himself would be estopped to urge his defense here because he, as a stockholder, and it may be as a director, permitted the bank to continue its business, which probably received new accounts and innocent third parties had dealings with the bank after its condition had been materially changed.

Just how or why the bank is estopped by complying with the laws of the state of Colorado in making this assessment we are unable to conjecture. The defendant has mistaken his remedy for the alleged frauds perpetrated upon him by which he was induced to invest in the capital stock of the plaintiff bank. If the Herrons and Sutton sold him their privately owned stock as the result of fraudulent inducements or statements they made to him, his remedy, if any, for the injury which he has sustained by reason of such fraud, is against these persons from whom he made his purchase. In *State*

*Bank of Portland v. Gotshall,* 121 Ore. 92, 254 Pac. 800, 51 A. L. R. 1200, is a decision that is quite in point here. The action there was one at law brought by the plaintiff, as superintendent of banks of the state of Oregon, to recover under the double liability clause of a section of the Oregon Constitution, which provides as does our statute, that stockholders of a banking concern are liable equally and ratably for the benefit of depositors of a bank to the amount of their stock for the par value thereof, in addition to the par value of such shares. It was held in this case that the question as to the necessity of an assessment and the proceedings against the stockholders to enforce their personal liability, is to be determined by the judgment of the comptroller, or banking commissioner, and his determination is conclusive. It was also held in that case, which is equally applicable here, that the claim on the part of a stockholder who was sued for an assessment made upon his stock in circumstances similar to those that exist in the present case, that he purchased the stock through fraud on the part of the officers of the bank, cannot be urged in an action to recover on the stockholder's liability. The opinion in that case cites with approval *Scott v. Deweese,* 181 U. S. 202, 213, 21 Sup. Ct. 585, 45 L. Ed. 822, where the court said: "The present suit is primarily in the interest of creditors of the bank. It is based upon a statute designed not only for their protection but to give confidence to all dealing with national banks in respect of their contracts, debts, and engagements, as well as to stockholders generally." And the court added what is particularly applicable here, the following: "If the subscriber became a shareholder in consequence of frauds practiced upon him by others, whether they be officers of the bank or officers of the government, he must look to them for such redress as the law authorizes, and is estopped, as against creditors, to deny that he is a shareholder, * * * if at the time the rights of creditors accrued he occupied and was accorded the rights appertaining to that position."

■■ We think this doctrine equally applicable to the case before us, which is an action to recover of a stockholder an assessment which the statute says may be levied upon stockholders generally to restore the capital of a bank which has become impaired. The defense which the defendant interposes here, that he became a stockholder in this bank in consequence of fraudulent conduct that was practiced upon him by the owners of stock, which induced the purchase, and by reason of failure of a former bank commissioner to do his duty by weeding out as assets of the bank certain paper which the bank held, is no defense in this action, which is to recover of a stockholder an assessment made by the directors of the bank, which they are authorized to make to restore the impairment of capital. If the defendant in this case has been wronged by those who sold him the stock he must look to them for relief. The same principle should apply to assessments made by the directors of the bank, in obedience to an order of the bank commissioner given while the bank is a going concern and in charge of its directors, that applies to assessments made by the bank commissioner after he has taken possession of the bank, and while he is engaged in administering its affairs for the benefit of creditors. We have noticed in detail all the specific objections which have been made to this judgment by the defendant. The defendant has mistaken his remedy. His amended answer and counterclaim, under which he seeks to escape liability for the alleged frauds practiced upon him by those from whom he purchased his stock, and for alleged misconduct or carelessness on the part of the bank commissioner for listing as assets of the bank worthless paper, is no defense to this action. The judgment is therefore affirmed.

MR. CHIEF JUSTICE WHITFORD, MR. JUSTICE ADAMS and MR. JUSTICE ALTER concur.