Argued September 27; affirmed October 18, 1938

# HARRISON *v.* SKINNER
## (83 P. (2d) 437)

44

*William L. Harrison,* of Portland, in pro. per.

*S. J. Graham,* of Portland (F. P. Keenan, of Portland, on the brief), for respondent.

ROSSMAN, J. This is an appeal from a judgment of the circuit court entered in a controversy submitted without action pursuant to the provisions of §§ 2-1301 to 2-1303, both inclusive, Oregon Code 1930. The statement of facts signed by the parties recites that April 17, 1932, the plaintiff owned 11 shares of the corporate stock of the Mt. Scott State Bank which had $50,000

capital, represented by 500 shares. On that day the board of directors of the bank, acting pursuant to § 22-1902, Oregon Code 1930, placed its business and assets under the control of the defendant, superintendent of banks of this state, for liquidation. After the defendant had assumed charge he found that the bank's assets were insufficient to the extent of $80,928.25 to meet its deposit liabilities, and thereupon levied an assessment against its stockholders to the amount of the par value ($100) of the stock owned by each. The plaintiff paid the full amount of the assessment levied against him, $1,100. Later he made a demand upon the defendant for repayment "upon the ground that said assessment was and is wholly void". The demand was refused. According to the statement of facts, the plaintiff believed that the assessment was invalid because it was made without notice to the stockholders, without affording them opportunity to restore the impaired capital, and because § 22-2017, Oregon Code 1930, directs that after liquidation has been completed the remaining assets be distributed to the stockholders in proportion to their stock ownership. The judgment of the circuit court was in favor of the defendant. The plaintiff appealed.

The plaintiff argues that since the defendant gave to the stockholders no notice of his intention to impose a stock assessment before he levied it, and afforded them no opportunity to make good the deficiency existing in the bank's capitalization, his order imposing the levy was invalid. The duty of a stockholder of a bank to pay an additional assessment in the event the bank's capital becomes impaired is a contractual one. Article XI, section 3, Oregon Constitution, and the provisions of our banking laws concerning double liability are parts of the purchase contracts of all bank stock.

If the stockholder's duty concerning the added liability is favored by the conditions suggested by the plaintiff, he ought to have been in a position to point to some statute or provision of the purchase contract which recites the purported conditions. The only statutory provisions which he has cited are §§ 22-1802, 22-1903 and 22-1904, Oregon Code 1930, which we have read without finding any condition of the kind mentioned by him. *Skinner v. Davis*, 156 Or. 174 (67 P. (2d) 176); *Hibernia Securities Co. v. Pirie*, 149 Or. 434 (41 P. (2d) 431); *Hansen v. Harris*, 145 Or. 487 (28 P. (2d) 649); and *State Bank of Portland v. Gotshall*, 121 Or. 92 (254 P. 800, 51 A. L. R. 1200), recognize no condition of the kind upon which the plaintiff relies. To the contrary, each of them holds that the decision of the superintendent of banks concerning the necessity of an assessment and its amount is conclusive; in other words, it is not subject to an attack of the kind now made by the plaintiff. None of them indicates that notice to the stockholders is a prerequisite to the imposition of the assessment. Had the legislature intended that protection for the depositors should be subjected to the delay incidental to a conference between the superintendent of banks and the stockholders, it would have expressed this limitation, we believe, in unequivocal language. A stockholder who believes that he ought to be consulted before the directors transfer control of the bank to the superintendent, with its attendant consequences, must look to the directors, and not to the superintendent of banks, who is primarily concerned with the depositors. We are clearly satisfied that this contention of the plaintiff is without merit.

█ In his second assignment of error the plaintiff attacks the validity of the lien afforded by § 22-2101, Oregon Code 1930. However, the statement of facts

does not aver that the plaintiff possessed any property subject to the statutory lien. Likewise it does not appear that the defendant asserted any lien, nor that the plaintiff suffered any damage by virtue of it. Under these circumstances, no occasion exists for determining the validity of this section of our laws.

 The third, being the last, assignment of error calls attention to the fact that § 22-2017, Oregon Code 1930, directs that after liquidation of an insolvent bank has been completed the remaining assets shall be distributed ''among the stockholders in proportion to the several holdings of stock''. The plaintiff contends that by virtue of this section a stockholder who paid nothing upon his added liability shares in the sums paid by stockholders who discharged their assessments, in the event a surplus remains after liquidation. The defendant, referring to this section, states: ''If deemed applicable, it is obviously unconstitutional, but even if unconstitutional, it does not affect the validity of the assessment in question.'' He suggests that the author of this section of our laws was, possibly, prompted by the provisions of 1911 Session Laws, chapter 171, § 27 (at p. 248), unmindful of the fact that since that statute had been enacted Article XI, section 3, Oregon Constitution, previously mentioned, was adopted making provision for the added liability upon bank stock. Evidently, in an effort to render it impossible to disburse to nonpaying stockholders the sums paid by paying stockholders, 1931 Session Laws, chapter 278, § 31 (declared invalid in *Hibernia Securities Co. v. Pirie*, supra), as amended by 1933 Session Laws, chapter 227, § 20 (declared invalid in *Skinner v. Davis*, supra), incorporated into our banking laws the following provision:

''After the expenses of liquidation and all creditors have been paid in full, any stockholder or stockholders

who have paid an assessment under the provisions of this section shall have a prior and proportionate lien on any assets remaining to the extent of the principal amount of said liability paid by each.''

However, the assessment challenged by the plaintiff was not imposed under the provisions of the two session laws just mentioned, but by virtue of § 22-2101, Oregon Code 1930. The quoted language, however, very likely indicates the legislative attitude.

We agree with the defendant that the validity or invalidity of the contested language of § 22-2017 cannot affect the legality of the assessment which he imposed and the plaintiff paid. The invalidity of one part of a statute does not necessarily deprive other parts of their validity. Section 22-2202, Oregon Code 1930, being a part of the statute under consideration, expressly so recognizes. The fact the legality of the assessment is not affected by the portions of § 22-2017, which the plaintiff challenges, suffices to dispose of this assignment of error. However, it may develop that something will remain for distribution among the stockholders after liquidation, and we shall, therefore, determine the merits of this assignment of error. We concur in the view entertained by the parties that money exacted from one stockholder for the purpose of defraying the bank's liabilities must be returned to him if it develops that there exists no need for it. It was neither exacted nor paid for the purpose of enabling the liquidating officer to give any part of it to another stockholder. Since § 22-2017 permits noncontributing stockholders to share in the sums paid by those who met their assessments, it must be deemed invalid, as the parties point out. The manner in which the distribution should be made has been many times pointed

out by the courts; for instance, in *Pate v. Bank of Newton*, 116 Miss. 666 (77 So. 601), it is stated:

"When the stockholders pay this liability in the bank and it is applied to the satisfaction of the depositors' claims, and after the debts of the bank are paid, if there were any funds left the stockholder would naturally secure this remainder as a stockholder of the bank; and, of course, a stockholder who had paid the liability would first be repaid before any stockholder who had not paid such liability would be entitled to any division from the proceeds of the bank."

Additional decisions to similar effect are cited in 2 Michie, Banks and Banking, p. 131, § 54, and in 3 Zollmann, Banks and Banking, p. 321, § 1793. Our views are in harmony with those expressed by the Mississippi court.

■ As a part of this assignment of error, the plaintiff directs attention to the fact that Article XI, section 3, Oregon Constitution, provides that the additional liability exists "for the benefit of the depositors", and argues that no part of it can be used for the purpose of defraying the expenses of liquidation. The expenses of liquidation, in our opinion, are incurred for the benefit of the depositors. Liquidation is the only process by which their money can be returned to them. To employ the language of the statute, liquidation is "for the benefit of the depositors". We, therefore, believe that the expenses incidental to it are properly chargeable to the sums paid by the stockholders upon their added liability, and that they must be deducted before determining whether anything remains for the stockholders.

Having disposed of all contentions advanced by the plaintiff, it follows that the judgment of the circuit court must be affirmed.

BEAN, C. J., and BAILEY, LUSK, KELLY, BELT and RAND, JJ., concur.